## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KELLY RENEE K.,[1]**                                )
                                                       )
                    **Plaintiff,**                     )
                                                       )          **CIVIL ACTION**
**v.**                                                 )
                                                       )          **No. 22-2518-JWL**
**MARTIN O'MALLEY,[2]**                                )
**Commissioner of Social Security,**                   )
                                                       )
                    **Defendant.**                     )
_____ )

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of the prior administrative medical findings, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent herewith.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On December 20, 2023, Mr. O'Malley was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. O'Malley is substituted for Acting Commissioner Kilolo Kijakazi as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I.     Background

Plaintiff protectively filed an application for SSDI benefits on December 31, 2019. (R. 164-65).  Plaintiff perfected an earlier appeal to this court which resulted in a remand to the Social Security Administration (SSA) pursuant to an unopposed motion for remand by the Commissioner of the SSA.  Kelly Renee K. v. Kijakazi, Case No. 20-2645-JAR, (Docs. 14, 15) (D. Kan. Aug. 12, 2021).  The ALJ filed a decision on remand on October 14, 2022, the Appeals Council did not assume jurisdiction of the decision on remand, 20 C.F.R. § 404.984, and Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  (Doc. 1).  Plaintiff claims legal error in the decision below because the ALJ found the prior administrative medical findings of Dr. Sampat and Dr. Tawadros equally persuasive, but their findings are not exactly the same, and the ALJ failed to articulate his consideration of the remaining factors; relationship with client, specialization, and other factors—as required by 20 C.F.R. § 404.1520c(b)(3).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less

than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.    Discussion

4

Plaintiff points out the findings of Dr. Sampat and Dr. Tawadros are not the same, but the ALJ found them both persuasive and was therefore required to articulate his consideration of the remaining three regulatory factors for evaluating persuasiveness. (Pl. Br. 15-16).  She then explains how, in her view, each of the three remaining factors and a proper consideration of Plaintiff's cardiologist's, Dr. Doyle's opinion, requires finding Dr. Doyle's opinion more persuasive than the opinions of Dr. Sampat and Dr. Tawadros.  Id. 16-21.

The Commissioner argues,

> The Commissioner acknowledges that the ALJ was required to address the factors that he found persuasive because he appeared to find that both doctor's conclusions about the same issue equally persuasive, and the conclusions were not exactly the same. 20 C.F.R. § 404.1520c(b)(3).  However, there was no error because the ALJ discussed the factors he found persuasive, which are relationship with Plaintiff … [and] the "other" factor [that] these doctors were state agency medical consultants and … they were versed in the Act and regulations.

(Comm'r Br. 6-7) (citing R. 916).  He goes on to acknowledge "the ALJ did not address the specialization factor."  Id. 7.  He continues, arguing the ALJ reasonably discounted Dr. Doyle's opinion.  Id. 9-12.

## A.    The ALJ's Relevant Findings

The court reproduces here the ALJ's entire discussion of the medical consultants' prior administrative medical findings.

> On June 25, 2018, a State [sic] Agency medical consultant, Pravin G. Sampat, M.D., completed a Physical Residual Functional Capacity assessment of the claimant and found she retained the functional capacity to perform sedentary work, as defined in 20 CFR 404.1567(c), with some postural limitations (Ex. 2A).  In terms of postural limitations, he found she should never climb ladders, ropes, or scaffolds, but she can occasionally

5

climb ramps and stairs and she has unlimited capacity for balancing,
stooping, kneeling, crouching, and crawling.  Subsequently, on October 26,
2018, another State [sic] Agency medical consultant, Mary Tawadros,
M.D., affirmed Dr. Sampat's finding the claimant retained the functional
capacity to perform sedentary work, as defined in 20 CFR 404.1567(c) (Ex.
4A).  Dr. Tawadros' only change in Dr. Sampats [sic] assessed postural
limitations was from unlimited to frequent capacity for balancing, stooping,
kneeling, crouching, and crawling. Dr. Tawadros assessed additional
environmental limitations to avoid concentrated exposure to extreme cold,
extreme heat, and [pulmonary irritants] fumes, odors, dusts, gases and poor
ventilation (Id).

The prior administrative medical findings of Dr. Sampat and Dr.
Tawadrow's [sic] are found persuasive because they are generally
consistent with the evidence of record as a whole, supported by the
objective medical evidence of record, and consistent with evidence from
other sources as fully discussed above or in Dr. Sampat and Dr. Tawadros'
summaries at Exhibits 2A and 4A.  As State [sic] Agency medical
consultants, Dr. Sampat and Dr. Tawadros are well versed in the Social
Security Act and regulations, including all pertinent definitions and
procedures utilized by the Social Security Administration in determining
whether an individual is entitled to disability benefits.  Some of the specific
consistency and supportability factors in this case include the claimant's
admitted capabilities, recent diagnostic study results, and no findings of
edema or swelling in lower extremities on examination.  All of which lends
to the persuasiveness of the prior administrative medical finding.

(R 915-16).

### B.      Legal Standard Relevant Here

Both parties agree 20 C.F.R. § 404.1520c contains the standard applicable here.

(Pl. Br. 15) (Comm'r Br. 5).  That regulation provides that the SSA will articulate in

every case how persuasive it finds the medical opinions and prior administrative medical

findings of each medical source in the case record based upon consideration of all the

regulatory factors in 20 C.F.R. § 405.1520c(c)(1-5).  20 C.F.R. § 404.1520c(b)(1).  It

provides that the most important factors are supportability and consistency and the SSA

will in every case "explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [Plaintiff's] determination or decision." 20 C.F.R. § 404.1520c(b)(2). It then explains how the agency will handle situations wherein two or more medical opinions or prior administrative medical findings are equally persuasive about the same issue. Id. § 404.1520c(b)(3).

> Equally persuasive medical opinions or prior administrative medical findings about the same issue. When we find that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same, we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in your determination or decision.

Id.

## C.    Analysis

As a preliminary matter, the court finds the fact an ALJ finds two opinions or prior administrative medical findings "persuasive," "somewhat persuasive," "mostly persuasive," or some other identical language does not mean he or she found the opinions or prior administrative medical findings "equally persuasive" within the meaning of the regulation. Rather, the regulation explains they are "equally persuasive" when the SSA finds they are (1) "about the same issue" and are (2) "both equally well-supported … and [equally] consistent with the record," but (3) "are not exactly the same." Id. Here, both parties agree the findings of Dr. Sampat and Dr. Tawadros are about the same issue (postural limitations and environmental limitations) but are not exactly the same. Thus, if

7

the ALJ found both prior administrative medical findings equally well-supported and equally consistent with the record, then they are "equally persuasive" within the meaning of the regulation, and that regulation required him to <u>articulate</u> how he considered the other <u>most persuasive</u> factors in paragraphs (c)(3) through (c)(5) for those prior administrative medical findings in the hearing decision.  20 C.F.R. § 404.1520c(b)(3).

As quoted above, the ALJ's discussion of the persuasiveness of Dr. Sampat's and Dr. Tawadros's findings makes no distinction between the supportability or consistency of either physician's findings.  (R. 915-16).  In fact, he concluded by noting,

> Some of the specific consistency and supportability factors in this case include the claimant's admitted capabilities, recent diagnostic study results, and no findings of edema or swelling in lower extremities on examination. All of which lends to the persuasiveness of the prior administrative medical finding.

<u>Id.</u> 916.  To the extent the ALJ may have intended to distinguish between the prior administrative medical findings when using the singular "finding" at the end of his discussion, he did not mention any difference in his supportability or consistency finding, the decision does not reveal a distinction between supportability or consistency as to each finding, and the court may not attempt to supply a rationale to relied upon by the ALJ.

Both Plaintiff's argument that articulation of the other factors would have led the ALJ to find Dr. Doyle's opinion persuasive, and the Commissioner's argument the ALJ properly discounted Dr. Doyle's opinion miss the point of the regulation.  The point is that when an ALJ finds two medical opinions or prior administrative medical findings equally persuasive but not exactly the same, the ALJ must articulate the consideration of the most important of the other three factors so that the claimant or a reviewing court

8

might discern which opinions or findings were relied upon and which were not, and what were the reasons supported by the record evidence to rely upon some and to reject others. The regulation requires only that an ALJ <u>consider</u> all five regulatory factors when evaluating medical opinions or prior administrative medical findings, articulate the supportability and consistency factors' place in each evaluation, and when he finds two or more opinions or prior administrative medical findings are equally persuasive to articulate the most persuasive other factors to explain the reasons for the specific findings and differences in those opinions or prior administrative medical findings.

Because the decision reveals the ALJ found Dr. Sampat's and Dr. Tawadros's prior administrative medical findings equally persuasive, but they are not exactly the same, remand is necessary for the ALJ to articulate how he considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of 20 C.F.R. § 404.1520c when evaluating those prior administrative medical findings.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent herewith.

Dated February 26, 2024, at Kansas City, Kansas.


s:/  John W. Lungstrum____
**John W. Lungstrum**
**United States District Judge**